# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:16-cv-27-FDW

| | |
|---|---|
| **NAPOLEON J. RANKIN BEY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | **ORDER** |
| ) | |
| **FNU PITTMAN, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Corrected Complaint, (Doc. No. 4), and on Plaintiff's Application to Proceed in Forma Pauperis, (Doc. No. 5).

## I. BACKGROUND

Plaintiff Napoleon J. Rankin Bey, a North Carolina prisoner currently incarcerated at Lumberton Correctional Institution, filed this action on July 22, 2015, pursuant to 42 U.S.C. § 1983, naming eight persons as Defendants, all identified as employees at Avery-Mitchell Correctional Institution.[1] Plaintiff alleges in the Complaint that, while incarcerated at Avery-Mitchell, the various Defendant correctional officers sat on top of the tables in the prison cafeteria while the prisoners were eating, which Plaintiff describes as "unhealthy and disrespectful."[2] (Doc. No. 4 at 4). Plaintiff also makes vague complaints about "harassment" and "racial issues." (Id.).

---

[1] Plaintiff originally filed this action in the Eastern District of North Carolina, and that Court transferred the action to this district on February 5, 2016. Plaintiff filed a "Corrected Complaint" on August 4, 2015, before the action was transferred to this court.
[2] Plaintiff was still incarcerated at Avery-Mitchell when he filed this action.

1

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

Plaintiff's Complaint will be dismissed for failure to state a claim, as Plaintiff's allegations simply do not give rise to a claim for a violation of any of Plaintiff's federal or constitutional rights.[3]

---

[3] Additionally, it appears that Plaintiff seeks only injunctive relief in his Corrected Complaint. To the extent that Plaintiff seeks injunctive relief, his claims are moot because he is no longer incarcerated at Avery-Mitchell.

The Court further notes that Plaintiff has filed numerous civil rights actions in this Court and the Eastern District of North Carolina. At least three of those actions have been dismissed for failure to state a claim. The provisions of 28 U.S.C. § 1915 are mandatory and define the degree and scope of this Court's initial review of Plaintiff's Complaint. See Crawford-El v. Britton, 523 U.S. 574, 596 (1998) (discussing the Prison Litigation Reform Act ("PLRA")). Section 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff has now reached three strikes under § 1915(g). **Plaintiff is hereby advised that, in any subsequent civil rights actions filed in this or any other district court, he must pay the full filing fee unless he can show that he is under imminent danger of serious physical injury**.

### IV. CONCLUSION

For the reasons stated herein, Plaintiff's Complaint will be dismissed for failure to state a claim.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Application to Proceed in Forma Pauperis, (Doc. No. 5), is **GRANTED** for the limited purpose of this initial review.

2. Plaintiff's Corrected Complaint, (Doc. No. 4), is **DISMISSED** for failure to state a claim upon which relief can be granted.

Frank D. Whitney
Chief United States District Judge